# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NICOLE M. KLOTTER,

    Petitioner,

    v.                                                             Case No. 11-C-0954

DEANNE SCHAUB, Warden
Taycheedah Correctional Institution,

    Respondent.

## DECISION AND ORDER PURSUANT TO RULE 4
## AND GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

The petitioner, Nicole M. Klotter, who is currently incarcerated at Taycheedah Correctional Institution (TCI), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner also seeks leave to proceed in forma pauperis. The petitioner also requests that the court appoint her an attorney. The petition states that the petitioner is serving a five year sentence for burglary while armed with a dangerous weapon, party to a crime, in violation of Wis. Stat. § 943.10(2)(a) and a consecutive five year sentence for attempted armed robbery, party to a crime, in violation of Wis. Stat. § 943.32(2). This sentence was imposed on following the return of a jury verdict against the petitioner. The judgment of conviction was entered on April 30, 2009.

To authorize a litigant to proceed in forma pauperis, the court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The court

is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The petitioner's affidavit of indigence indicates that she no money in her regular savings account at TCI and $8.24 in her release account. Based on the foregoing, this court finds that the petitioner qualifies under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus. Thus, the petitioner meets the first of the two determinations necessary to allow her to proceed in forma pauperis.

As to the second requirement, an action is frivolous for purposes of Section 1915(e)(2), if there is no arguable basis for relief in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

By her petition, the petitioner challenges the judgment of conviction on the following grounds: (1) a juror lacked candor at the voir dire and was biased against her; and (2) her Sixth Amendment right to an unanimous verdict and her Fifth Amendment right to due process were violated as a result of a confusing special verdict form.

Section 2254(a) states that "a district court shall entertain a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Upon review of the petition, this court is satisfied the petitioner is "in custody" pursuant to the conviction she now challenges. Moreover, the court is satisfied that the grounds urged by the

petitioner in her petition translate, at least colorably, into a violation of his rights under the United States Constitution.

Section 2254(b) requires, with exceptions not relevant here, that the petitioner demonstrate she has "exhausted the remedies available in the courts of the State . . . ." The petition reveals the petitioner raised these grounds before the Wisconsin Court of Appeals. Furthermore, after the appeal was dismissed by the state court of appeals, the petitioner sought review by the Wisconsin Supreme Court which denied her request for review. Accordingly, at least for now, the court is satisfied that the petitioner has exhausted her state remedies as required under § 2254(b) by presenting her claims to the state's highest court. See Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 302-03 (1984).

Based on the foregoing, the petitioner has shown that she is unable to pay the costs of commencing this action. In addition, the grounds set forth in her petition raise an arguable violation of her constitutional rights. Therefore, the petitioner's petition for leave to proceed in forma pauperis will be granted.

Accordingly, the court concludes that summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that the petitioner is not entitled to relief. Consequently, the respondent will be called upon to serve and file an answer, motion or other response to the petition for a writ of habeas corpus. After the respondent's answer has been served and filed, the court will enter orders as necessary to facilitate the orderly progression of the action to disposition.

With respect to the petitioner's request for appointment of counsel, there is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18

U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Habeas Corpus Cases. However, at this early stage of the proceedings, this court is not prepared to make such a determination.

Counsel may also be appointed in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(e). Here, the petitioner has not demonstrated that she is entitled to appointment of counsel under that statute. Section 1915(e) requires a threshold inquiry into the indigent's efforts to secure counsel. See Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). The indigent must disclose the names of attorneys, law firms, or legal services agencies she has contacted in an effort to secure representation and the dates of the contacts. The petitioner's does not provide such information. Additionally, at this juncture of the proceedings, based on the petitioner's submissions, it appears that she is competent to litigate her petition for a writ of habeas corpus herself and that the presence of counsel will not be outcome determinative. See Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's request for appointment of counsel will be denied without prejudice.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for leave to proceed in forma pauperis be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the petitioner's request for appointment of counsel will be denied without prejudice.

-4-

**IT IS FURTHER ORDERED** that the respondent be and hereby is directed to file an answer, motion or other response to the petition for a writ of habeas corpus no later than **December 2, 2011**.

The petitioner is hereby notified that she is required under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or the respondent's attorney(s). The petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or to the respondent's attorney(s).

Dated at Milwaukee, Wisconsin this 27th day of October, 2011.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge